[Civ. No. 20305. First Dist., Div. One. June 18, 1962.]

WARREN THAL, Plaintiff and Respondent, v. COUNTY OF SANTA CRUZ, BOARD OF SUPERVISORS et al., Defendants and Appellants.

William H. Card, County Counsel, and John Sanbrook, Assistant County Counsel, for Defendants and Appellants.

Lucas, Wyckoff, Miller, Stanley, Scott & Bennett, Stephen Wyckoff and Donald R. Haile for Plaintiff and Respondent.

CONLEY, J.*—This case turns on the meaning and effect of the provisions of the Santa Cruz County Code relative to appeals from decisions of the Santa Cruz County Planning Commission (hereinafter referred to as the commission) to the Board of Supervisors of Santa Cruz County (hereinafter called the board). Originally, the commission, after a full hearing (§ 13.04.320, Santa Cruz County Code), granted a use permit to Warren Thal to allow him to install a memorial park cemetery on his land in the Scotts Valley area. This property had been zoned "unclassified," and the proposed use

---

*Assigned by Chairman of Judicial Council.

was allowable under the code section in question (§ 13.04.120 (b) (20), County Code), if a use permit were first secured.

Mrs. Agnes Lewis, a citizen-taxpayer living within a half-mile of the proposed memorial park and across the road from it, filed an appeal with the board after the denial of a rehearing by the commission. The board ruled that the commission had acted contrary to law in granting the application for a use permit, because it did not make findings of fact as allegedly required by section 13.04.320 (c) of the code, and that the board therefore had jurisdiction to set aside the commission's action; the board conducted a second hearing at which additional testimony was received; it reversed the action of the commission and denied the use permit.

Respondent, Warren Thal, applied to the superior court for a writ of certiorari or an alternative writ of mandate; the action of the board was attacked on the ground that it did not have jurisdiction to grant a rehearing; the claim was made that the original award by the commission of a use permit had not been affected by the attempted appeal to the board and that the use permit should be restored again to full vigor by decree of the court. After completion of the hearing, the court held that the commission was not required to make findings of fact in support of its decision granting petitioner's application for a use permit, but that notwithstanding the lack of such necessity, it did in fact make such findings and that the commission therefore did not act "contrary to law"; the court found that a full, fair and impartial hearing was held by the commission, that there was no newly discovered evidence, and finally, that Mrs. Lewis was not an aggrieved person as defined by section 13.04.350 (d) of the code and that she therefore had no right to appeal. The court vacated and set aside the board's order and required the issuance of the use permit as applied for and approved by the commission. The members of the board and the other respondent county officers appealed from the judgment of the superior court.

 We believe that the court was wrong in holding that Agnes Lewis was not an interested person within the meaning of the county code. Section 13.04.350 (d) of the code provides: "Any original applicant for a Use Permit or Variance who shall be aggrieved by any action of the Planning Commission in the first instance, or by the refusal of the Planning Commission at the hearing on reconsideration of such action or any other person who shall be aggrieved by action taken by the Plan-

ning Commission on such person's application for reconsideration may take an appeal to the Board of Supervisors. . . ."

The superior court found that: "Agnes Lewis, appellant before said Board of Supervisors, did not and does not own any real property that would be affected by the proposed use of petitioner's real property in any manner different from its effect upon the real property of all other real property owners and taxpayers in the said Scott's Valley district; that Agnes Lewis would not suffer any detriment peculiar to herself as distinguished from the general interest; that the interest and effect of said proposed use upon Agnes Lewis is remote and indirect; and that Agnes Lewis is not an 'aggrieved' person within the purview of Section 13.04.350 (d) of the said County Code."

The source of the error was probably an undifferentiated application of the holding in *Wine* v. *Council of City of Los Angeles,* 177 Cal.App.2d 157 [2 Cal.Rptr. 94], for it repeats almost verbatim the test set forth on page 167 of that opinion. But the facts in the *Wine* case differ essentially from the facts in the present case. The court there held that the petitioners were not aggrieved persons within the meaning of section 11525 of the Business and Professions Code dealing with the improvement of subdivisions, which allows any person "aggrieved" by the governing body of the municipality, with respect to the design and improvement of a subdivision, the right to a judicial review; the basis of the decision was that the interest of a taxpayer in the design and improvement of a particular subdivision was too remote and the effect of the decision of a governing body too indirect to give petitioners a right to appeal. But in the present case the appellant Lewis is a landowner seeking to protect the market value of her property and her interest in the aesthetic standards of the area. The proposed cemetery, as the record indicates, will be visible from appellant's home. Appellant lives across the highway from the site and within full view of it. The hearings for the granting or denying of use permits are primarily for the purpose of determining whether the interests of persons in the position of Mrs. Lewis are properly protected, and if the decision is adverse to her viewpoint and desires, she is "aggrieved" by it and has the right to appeal.

Section 13.04.350 (d) of the Santa Cruz Code provides in part: "Upon receipt of such notice of appeal, the Board of Supervisors shall hear the appeal on or before sixty (60) days after such notice. Written notice of the time and place of

such hearing shall be given the appellant, and the Planning Commission at least ten (10) days prior to such hearing and the Planning Commission shall forward to the Board of Supervisors all papers and records related to such appeal and shall, upon request, furnish such further information relative to the proceedings before the Planning Commission as may be requested by the Board of Supervisors. *If upon the hearing of the appeal, the Board of Supervisors shall find one or more grounds set forth in the notice of appeal to be true, it may make such order as it may deem appropriate or remand the matter to the Planning Commission with directions to take such action as the Board of Supervisors may deem just and proper."* (Emphasis added.)

The only grounds for appeal under the code (§ 13.04.350 (b)) are:

"(1) That the action of the Planning Commission was contrary to law or the provisions of this Chapter.

"(2) That a fair or impartial hearing was not held.

"(3) That new and material information has been discovered which with due diligence could not have been discovered and presented at the hearing."

The Lewis notice of appeal set forth the above grounds.

The board *did* find that the decision of the commission was contrary to law (subdivision 1 above) in that the commission failed to make findings as required by section 13.04.320 (c) of the code. The board based its alleged right to hold a further hearing and to reverse the action of the commission on that ground. Thus, the remaining questions to be determined by us are: (1) Did the code require the commission to make findings? (2) Did the commission actually make such findings? Each of these questions must receive an affirmative answer.

Section 13.04.320 (c) of the code provides:

"Action by Planning Commission:

"In order to grant any Use Permit, the findings of the Planning Commission shall be that the establishment, maintenance or operation of the use or building applied for will not under the circumstances of the particular case, be detrimental to the health, safety, peace, morals, comfort and general welfare of persons residing or working in the neighborhood of such proposed use or be detrimental or injurious to property and improvements in the neighborhood or to the general welfare of the County."

From this section it is apparent that the code contemplates that findings shall be made by the commission, although it

does not specify their exact form or nature or whether they must be written, or adopted formally or informally. The section should not be construed as requiring formal and detailed findings of fact with the same rigor as would be exacted from a court of record in a case involving diverse pleadings and multiple issues. (*Swars* v. *Council of City of Vallejo*, 33 Cal.2d 867, 872 [206 P.2d 355] ; *Cantrell* v. *Board of Supervisors*, 87 Cal. App.2d 471, 478-479 [197 P.2d 218].) ▮ Viewed in this manner, the code requirement of findings is reasonable, and it has in fact been complied with. On November 4, 1960, a special committee of the commission submitted a report on petitioner's application for the use permit. The committee found, following exploration "in extreme detail," that the proposed use of the property would not be injurious to the community in several aspects: use and pollution of water, tax consequences, regulation of financial responsibility and endowment care fund, depreciation of land values and land uses. The written report was favorable to the granting of the proposed use, and the committee stated that the only finding to the contrary was that people did not like the proposed use. The committee did not consider this latter ground sufficient, in the light of its other findings as to the effect of the proposed cemetery in the community, to warrant a denial of the application for the use permit.

▮ On December 12, 1960, the commission approved the permit "based on the finding in the Committee report. . . ." In this way, the commission adopted the findings of the committee by reference. (*Swars* v. *Council of City of Vallejo, supra*, 33 Cal.2d 867, 872.) As the commission has clearly manifested its intention and its findings have complied with the ends sought under section 13.04.320 (c), the code requirements were complied with by the commission. ▮ Although we differ with the trial court's conclusion that the code did not require findings by the commission, we believe the trial court was correct in holding that the commission did in fact make legally adequate findings.

Under the terms of the ordinance, the jurisdiction of the board to review the commission's decision, hold further hearings and make such orders as it might think proper depended upon the existence of one of the three grounds for appeal stated above. The only ground of jurisdiction claimed by the board was that the commission acted contrary to law, because it did not make findings of fact. The trial court correctly determined that the board did not have jurisdiction to grant

the appeal or to retry the matter, for the facts did not support the claim of the board, and it could not acquire jurisdiction by its own erroneous ruling. The board was under a duty to do more than find that a certain ground for appeal existed. It had to find *correctly* that such a ground existed.

The appellants seem to contend that if the board merely alleged that any of the grounds for acquiring jurisdiction existed it was not necessary that such ground be supported by proof. This contention cannot be upheld. Jurisdiction depends upon the existence of facts, and the mere allegation that certain facts exist does not justify the assumption of jurisdiction if all of the evidence is to the contrary. It appears to us that the board did not acquire jurisdiction to entertain the appeal or to hear the matter anew under the rather unusual provisions of the Santa Cruz County Code and that therefore the trial court was correct in its holding that the board was powerless to interfere with the decision of the commission.

The judgment is affirmed.

Bray, P. J., and Sullivan, J., concurred.