[Civ. No. 12288. Third Dist. June 29, 1970.]

BEN N. LAGRUTTA et al., Plaintiffs and Appellants, v.
CITY COUNCIL OF THE CITY OF STOCKTON,
Defendant and Respondent.

## COUNSEL

Mazzera, Snyder & DeMartini and J. Calvert Snyder for Plaintiffs and Appellants.

Monroe N. Langdon, City Attorney, and Paul F. Mordy, Deputy City Attorney, for Defendant and Respondent.

## OPINION

**REGAN, J.**—By this appeal from an order denying a writ of review petitioners seek to vacate the action of the respondent City Council of Stockton reversing a decision by the Stockton City Planning Commission to issue a special use permit to petitioners for the establishment of a mobile home park.

The petitioners own Lots 3 and 4, Block B, El Ricado, located within the City of Stockton, zoned R-1, "Single Family District," under the zoning ordinance of the City of Stockton.

Petitioners filed with the planning department of the City of Stockton an application for a special use permit to establish a mobile home park.[1] A public hearing was duly and regularly noticed by the Stockton City Planning Commission. At the public hearing, evidence was offered the commission both in favor of and in opposition to the permit. Thereafter, the planning commission unanimously approved the issuance of the permit.

Four El Ricado residents filed with the city clerk an appeal from the order of the commission issuing the permit.[2] The Stockton City Council passed its resolution setting a public hearing of such appeal to be heard before the council and the council held a full hearing on the matter, allowing all persons to be heard. After deliberation, the council, by a six to three vote, adopted a resolution reversing the action of the planning commission and directed that the special use permit be denied.

The superior court denied petitioners' application for a writ of review. In its amended order denying the writ, the court stated:

"The question of whether a mobile home park should go into a residential area is in this case a close one and depends on the condition of the area, alternate uses of the land, street sizes and traffic capacity, number and

---

[1]This permit was required by the provisions of the Stockton Municipal Code since the proposed use was not specifically permitted in an R-1 zone. .

[2]Section 16-089 of the Stockton Municipal Code provides, in pertinent part, as follows: "The action of the Planning Commission . . . may be appealed to the City Council."

capacity of schools, density of population, types of homes, etc. There was a volume of evidence before the Council and a decision either way was supportable by substantial evidence."

Petitioners and respondent City of Stockton have stipulated that the city has not assumed responsibility for enforcement of the "Mobilehome Parks Act" (Health & Saf. Code, § 18200 et seq.) by giving written notice thereof to the Department of Housing and Community Development as provided in section 18300 of said code.

### 1. *Jurisdiction of Stockton City Council*

█ Petitioners argue that the city council had jurisdiction to determine only whether the *use* contemplated of the mobile home park (i.e., for single family dwellings) complied with the zoning ordinance; it had no jurisdiction to go any further, not having assumed responsibility for the enforcement of the Mobilehome Parks Act. (Health & Saf. Code, § 18200 et seq.)

Section 18207 of the Health and Safety Code provides that the Mobilehome Parks Act is to be enforced by the Department of Housing and Community Development. Section 18300 of that code provides that a city may assume such responsibility upon submitting written notice. The city had not done so. The petitioners argue that since they had complied with all the requirements of the department, and since the area was zoned for "single family dwellings," the city had exhausted its jurisdiction and the permit should have issued.

The statute negates this contention. Section 18300 of the Health and Safety Code provides, in pertinent part, as follows:

"The provisions of this part shall not prevent local authorities of any city, county, or city and county, within the reasonable exercise of their police powers:

"(a) From prohibiting mobilehomes or mobilehome parks, travel trailers, travel trailer parks, recreational trailer parks, temporary trailer parks, or tent camps within all or certain zones within such city . . . ."

It is clear under this section that the city retained its right to enforce its local zoning and land use regulations with respect to mobilehome parks (see *Watson* v. *County of Merced* (1969) 274 Cal.App.2d 263, 264-265 [78 Cal.Rptr. 807]), and thus its jurisdiction was not limited to a determination of use.

## 2. *Appeal; Scope.*

Petitioners contend that on the appeal, the council had jurisdiction only to examine the transcript of the previous hearing before the planning commission. Thus, the council exceeded its jurisdiction in holding another public hearing and taking additional evidence. They argue that since the city had no *express* power to hold a de novo hearing, then it is precluded from so doing.[3] No authority directly on point is cited.

In 1914, section 6 of article XI of the state Constitution was amended to provide that cities could amend existing charters and adopt new ones "to make and enforce all laws and regulations in respect to municipal affairs, subject only to the restrictions and limitations provided in their several charters, and in respect to other matters they shall be subject to and controlled by general laws." (See also Cal. Const., art. XI, § 8.) In 1922, the City of Stockton availed itself of this privilege. (Stats. 1923, p. 1321; Stockton City Charter, art. III, § 1.) Thus it has full power to regulate its municipal affairs and has complete control over such matters whether or not its charter expressly enumerates a power over the municipal affairs in question. (*Bellus* v. *City of Eureka* (1968) 69 Cal.2d 336, 346-347 [71 Cal.Rptr. 135, 444 P.2d 711].)

The charter of the City of Stockton empowers the city to enact zoning regulations (Stockton City Charter, art. III, § 16; art. V, § 59), and the city has enacted ordinances to cover this subject matter. (See Stockton Municipal Code, ch. 16, pt. II.) The city code provides that the action of the planning commission may be appealed to the council. (Stockton Municipal Code, ch. 16, § 16-089.) This provision does not limit the council in its consideration of an appeal from an action of the planning commission, and we are disinclined to interpret that provision as restricting the council to a review of the record before the commission and its recommendation. We have several reasons for this determination.

First, petitioners confuse judicial review of zoning decisions with administrative review (as in the instant case). Judicial review is generally

---

[3]Petitioners cited such cases as *Harden* v. *Superior Court* (1955) 44 Cal.2d 630, 641-642 [284 P.2d 9] [authority of city to take private property for off-street parking outside its boundaries by eminent domain]; *City of Long Beach* v. *Lisenby* (1917) 175 Cal. 575, 577 [166 P. 333] [authority of city to improve harbor by dredging and deepening]; and *Cockerill* v. *City of Redding* (1961) 198 Cal.App.2d 108, 111 [17 Cal.Rptr. 754] [authority of city to accept withdrawals relating to protests against annexation], to the effect that any fair, reasonable, substantial doubt concerning the existence of a power is resolved by the courts against the corporation and the power is denied. These cases are distinguishable on their facts. Further, these cases involved questions of power derived from either pre-1914 charters or the general laws of the state. (See *City of Long Beach* v. *Lisenby, supra,* 175 Cal. at pp. 582-583.)

limited in scope. (*City of Los Angeles* v. *Gage* (1954) 127 Cal.App.2d 442, 451-452 [274 P.2d 34]; *Flagstad* v. *City of San Mateo* (1957) 156 Cal. App.2d 138, 141-142 [318 P.2d 825]; but see *Broadway, Laguna etc. Assn.* v. *Board of Permit Appeals* (1967) 66 Cal.2d 767 [59 Cal.Rptr. 146, 427 P.2d 810] [special code provisions required administrative board to specify subsidiary findings and its ultimate conclusions]; see also California Zoning Practice, Cont.Ed.Bar (1969) § 7.52-7.54, pp. 287-291.) "Although administrative review is usually called an appeal, in most jurisdictions it is a de novo proceeding in which the entire case is repeated." (Cal. Zoning Practice, *supra,* § 10.69, p. 473.) We know of no reason why the council should be restricted solely to a review of the record before the commission where specific procedures have not been established by ordinance. (In general, see 56 Cal. Jur.2d, Zoning, § 185, p. 67.)[4]

Secondly, it appears to us that petitioners' argument under the circumstances of this case is answered in *Anderson* v. *Pittenger* (1961) 197 Cal. App.2d 188, 195 [17 Cal.Rptr. 54]:[5]

"The council was not bound by the findings of the commission. As stated, the hearing before the council must be a public hearing after notice thereof is published. There is no limitation upon the right of the council to hear new or additional testimony. If the council were bound by the findings of the commission, there would be no point in requiring the council to hold a public hearing. The council is not bound by the findings of the commission or by the testimony before the commission. Under the provisions of the ordinance the council may hear the matter de novo and make its own determination as to whether the facts are such as to require, under the provisions of the zoning ordinance, the granting of the variance." (See also *Bradbeer* v. *England* (1951) 104 Cal.App.2d 704, 709 [232 P.2d 308].)

Furthermore, it appears to be the general practice of city councils in conducting hearings on appeal to hear any relevant testimony offered unless specifically restricted by ordinance. (See *Flagstad* v. *City of San Mateo, supra,* 156 Cal.App.2d at p. 139; *Miller* v. *Planning Com.* (1956) 138 Cal.App.2d 598, 602 [292 P.2d 278]; see also *Minney* v. *City of Azusa* (1958) 164 Cal.App.2d 12, 30 [330 P.2d 255]; *Thal* v. *County of Santa Cruz* (1962) 204 Cal.App.2d 645, 649-651 [22 Cal.Rptr. 637].)

---

[4]We note in passing that we are not concerned here with a Board of Permit appeals which is generally governed by specific code procedures. (See, e.g., *Russian Hill Improv. Assn.* v. *Board of Permit Appeals* (1967) 66 Cal.2d 34 [56 Cal.Rptr. 672, 423 P.2d 824].)

[5]Although in *Anderson* the ordinance required a stay if the order of the commission were appealed, and the issue involved a variance, we do not think these differences are material.

Finally, it must be remembered that the Stockton City Charter places the basic obligation of zoning upon the city council. (Art. V, §§ 59, 62, 64.) The council has the power to delegate portions of this responsibility by ordinance to the planning commission (see *Minney* v. *City of Azusa, supra,* 164 Cal.App.2d at p. 38; Stockton Municipal Code, ch. 16, § 16-126 et seq.); but except as delegated to the commission, we are of the view the council, as the legislative body of a charter city, retains the power and the obligations to make the final decisions upon an appeal. (Cf. *Kostreles* v. *City of Portsmouth* (1963) 104 N.H. 392 [187 A.2d 789].)

Petitioners argue that sections 65903 and 65904 of the Government Code should govern the hearing of an appeal by the city council when no zoning board of appeals has been created by the legislative body. This statute relates to local zoning regulations (Gov. Code, tit. 7, ch. 4, § 65800 et seq.) which counties or cities may utilize to adopt, administer, and implement local zoning laws. (Gov. Code, § 65800.) However, section 65803 expressly provides that the statute does not apply to a chartered city (such as Stockton) "except to the extent that the same may be adopted by charter or ordinance of the city." We find nothing in the charter or the codes of the City of Stockton which expressly adopts the provisions of this statute with respect to the hearing of an appeal by the city council from the planning commission. Petitioners argue, however, that section 16-128.1 of the Stockton Municipal Code expressly adopts the zoning regulations of the Government Code. This section reads:

"It shall be the function and duty of the Commission to prepare and adopt a comprehensive, long-range general plan, hereafter referred to as the Master Plan, for the physical development of the City and of any land outside the boundaries thereof which in the judgment of the commission bears relation to the planning thereof. Such function and duty shall be performed in accordance with the general provisions of the Planning Law as contained in Title 7 of the Government Code of the State of California, and as the same may be amended hereafter."

When this section is read in its entirety (and not taken out of context as petitioners would have us do), it is clear that the section adopts the Government Code provisions only as they relate to the development of a master plan by the commission, and not to procedures governing the hearing of an appeal by the city council. (See also Stockton Municipal Code, § 16-129.)

We find no merit in petitioner's added contention that since there is no statutory procedure governing the method or manner of perfecting

an appeal from the commission to the council the council has no power to say the procedures shall be by trial de novo.

The order denying the writ of review is affirmed.

Pierce, P. J., and Mundt, J.,* concurred.

A petition for a rehearing was denied July 23, 1970, and appellants' petition for a hearing by the Supreme Court was denied August 26, 1970.

---

*Assigned by the Chairman of the Judicial Council.