Filed 3/15/24  Llusha v. County of Marin CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| STELA LLUSHA,<br><br>     Petitioner and Appellant,<br><br>v.<br><br>COUNTY OF MARIN,<br><br>     Respondent;<br><br>CHRISTOPHER MADDOX,<br><br>     Real Party in Interest. | A166492<br><br>(Marin County Super. Ct. No. CIV2102268) |

Confronted with a deteriorating septic system on his family's hillside Marin County (County) property, Christopher Maddox applied for and obtained a permit to replace it.  That permit included approval to construct a four-foot high retaining wall in place of an existing solid wood fence on the property's northern boundary.  When Maddox was later advised the wall's highest section would have to reach five feet, three inches from ground level, he applied for an amended permit and initiated the County's design review process.  The County planning division granted the application over opposition from downslope neighbor Stela Llusha.  After unsuccessfully appealing that decision to the County's planning commission and then to its board of supervisors (Board), Llusha petitioned in the superior court for writ of mandamus—again without success.

1

We affirm. Contrary to Llusha's assertions, the trial court correctly (1) found the County properly limited the scope of Llusha's successive appeals to the retaining wall; (2) declined to augment the record with information that was not before the planning division when it considered Maddox's application for the amended permit; and (3) found substantial evidence and adequate findings for the Board's decision.

## BACKGROUND

In 2018, the planning commission approved Maddox's plans to demolish and replace his family's existing home on a small, steeply sloped property on Ridge Avenue. To support a necessary new septic system, the permit authorized a four-foot high retaining wall along Maddox's rear property line with Llusha, which would replace an existing solid four-foot high wood fence between the parcels. The septic permit expired before Maddox began the work, but in the spring of 2020, with the system starting to show unpleasant signs of failing, Maddox successfully applied to the County's environmental health services department to reinstate it. The validity of the reinstated septic permit is not at issue.

As work on the new system got underway, Maddox's septic engineer determined it would be necessary to increase the retaining wall's height by 15 inches along its southernmost 10 feet. Accordingly, Maddox applied for design review approval of the change. So amended, the permit would authorize an approximately 35-foot long retaining wall, backfilled to incorporate the septic system into the hillside and topped with a four-foot high, see-through hog wire fence. Its tallest section would reach five feet, three inches, exceeding the height of the existing property line fence by an amount decreasing from 15 inches to zero over the course of 10 horizontal feet.

2

In September 2020, the County's planning division staff conducted a site visit, posted a notice of Maddox's application visible from Ridge Avenue, and posted information about the application on the County website. The following month the County posted two more notices about the project on its website and directed interested parties to submit comments by November 11, 2020.

Llusha owns the property immediately north and downslope of the project site. On November 18, 2020, through counsel, she objected that the redesigned retaining wall violated the County's design review provisions by "creat[ing] unarticulated massing that is incompatible with the neighborhood, and, specifically, [my property]." She asserted the retaining wall failed to provide appropriate separation between the properties, retain healthy native vegetation, and assure adequate landscaping. Furthermore, its appearance from her property was "not as required in the 'mass and bulk' findings set forth in the design review ordinance. In fact, the mass and bulk of a proposed structure in close proximity to the shared boundary, and encroaching into [her] property, creates such a looming impact as to completely change the quality of life at [her home]." Llusha also asked the County to delay its decision because she had not been given timely notice.

Llusha's letter enclosed comments from consulting engineer Michael Watkins, also dated November 18, 2020. Watkins opined the proposed design did not comply with County code provisions applicable to "retaining wall and fence location at the property line" and that it would diminish Llusha's privacy.

On December 8, 2020, the planning division approved the amended plan. After confirming its receipt of Llusha's November 18, 2020, letter and reviewing her concerns, it explained: "Pursuant to the Design Review findings that have been made consistent with Section 22.42.060 of the Marin County

Development Code below, the project, consisting of a retaining wall and fencing, provides architectural design, massing, materials and scale compatible with the neighborhood and has been designed to avoid adversely affecting the privacy of downslope properties. [Llusha's residence] is oriented to the northeast with primary views located away from the subject property. Existing mature vegetation is located along the downslope area of the subject property and between the two properties as observed by staff during a site visit on September 22, 2020." The planning division found the amended project was consistent with the Marin Countywide Plan, the Tamalpais Area Community Plan, and mandatory findings for Design Review approval.

Llusha appealed to the County's planning commission. As relevant here, her appeal petition asserted the "depicted wall/height of 9 feet 3 inches" was inconsistent with the County code; its height, bulk, and mass were out of character with the neighborhood and negatively affected her property, walkway, and landscaping; the design review findings were unsupported by substantial evidence; she was not given adequate notice; and an engineering survey was outdated.

On February 5, 2021, several days before the planning commission hearing, Llusha's attorney wrote the commission reiterating her earlier complaints about the retaining wall and, for the first time, asserting there were significant shortcomings in the engineering of the septic system. Counsel's letter attached a second report from Watkins, also dated February 5, 2021, criticizing the septic system's design. In Watkins's view, the retaining wall and its backfill would "in effect rotate" the property line's contours, which would "draw the leech [*sic*] field closer to the property line." Watkins also expressed concern about

4

the septic system's interaction with drains at the base of the wall and that "the retaining wall project under consideration and the septic system replacement project have not been well coordinated, and as a result the retaining wall project creates some issues which are not code compliant and not recommended by the design engineer of the septic system project."

At the February 8, 2021, planning commission hearing, Llusha's attorney and Watkins testified about Watkins's reports. Countering his concerns, Maddox's septic designer and land use planning consultant testified that (1) the placement of the retaining wall and backfill above the native grade made it impossible for effluent from the septic system to drain onto Llusha's property; (2) the wall and backfill would not affect the septic system's functioning or design; and (3) there was no code violation from any change to the property's contour.

The planning commission found the planning division's design review findings were substantiated and that the project complied with relevant local policies and findings required for design review approval. It denied Llusha's appeal by unanimous vote and approved the project.

Llusha next appealed to the Board. On April 25, 2021, two days before the Board hearing, Watkins submitted a third report asserting there were errors and omissions in the plans, specifications, and design for the retaining wall and septic system and warning the septic system could leach effluent onto Llusha's property if it failed.

At the Board hearing, County environmental health department staff (which had approved the septic system in a separate process) testified that they had reviewed the revised plans for the retaining wall and found that the proposed design posed no problem for the septic system and complied with the code. County staff clarified, moreover, that only the retaining wall, not the septic system, was subject to design review—i.e., the

5

matter on appeal to the Board. The Board president confirmed that point, noting that only the height of the retaining wall was subject to review: "We don't have in our authority today any decision related to the septic system, that's Environmental Health jurisdiction." Llusha's counsel repeated his client's objections to the "design component of the retaining wall that interacts or possibly doesn't interact with the septic system in the event of a failure" and the "unaddressed potential" for effluent to flow downhill. The Board unanimously approved the amended permit.

These proceedings ensued. Llusha's petition for writ of administrative mandamus asserted the retaining wall project failed to satisfy various County and state design review findings and standards and, further, that the Board's action was an abuse of discretion and unsupported by substantial evidence.

The court rejected each point. Finding the scope of Llusha's administrative appeal was limited to the planning division's design review findings concerning the retaining wall and its effect on her property and landscaping, it ruled the design of the septic system and its potential impact on Llusha's property "are not part of Petitioner's appeal of the December 8, 2020 decision and cannot be made part of subsequent appeals." On the merits, the court found the Board's decision was supported by substantial evidence and adequate findings. Accordingly, it denied the petition.

The court also denied Llusha's motions to augment the administrative record with (and alternative request for judicial notice of) the February 5 and April 25, 2021, letters and reports from Watkins and counsel because they were not before the planning division when it issued its December 8, 2020, decision. Moreover, "[a]s neither the

[planning commission] nor [the Board] have cited to any of these late-presented documents, no error appears to have been made and the evaluation of the [design review board's] decision first by the [planning commission] and subsequently by the [Board] was appropriately limited to evidence before the [design review board] prior to its rendering of a decision."

## DISCUSSION

Llusha asserts the court erred when it (1) found the scope of her appeal to the Board did not extend to the septic system and (2) denied her motion to augment the administrative record with the documents that were never before the planning division. She also contends the Board's decision was unsupported by adequate findings and substantial evidence. As shall be seen, none of these contentions has merit.

Code of Civil Procedure section 1094.5[1] provides the procedure for judicial review of adjudicatory decisions rendered by administrative agencies. (*Topanga Assn. for a Scenic Community v. County of Los Angeles* (1974) 11 Cal.3d 506, 514.) The inquiry in such cases extends to whether the agency proceeded without or in excess of jurisdiction; whether there was a fair trial; and whether there was a prejudicial abuse of discretion, which is established if the agency did not proceed in the legally required manner, the decision is not supported by the findings, or the findings are not supported by the evidence. (§ 1094.5, subd. (b).) Where, as here, the underlying administrative mandamus case does not implicate a fundamental vested right, we review the administrative decision, not the trial court's ruling. (*Young v. City of Coronado* (2017) 10 Cal.App.5th 408, 418-419 (*Young*).)

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

7

## A.

We turn first to Llusha's contention the trial court erred in determining the design of the septic system and its potential impact on her parcel were beyond the scope of her administrative appeal and writ petition. She maintains she was not required to preserve those issues by raising them in the planning division or planning commission. Rather, in her view, the County code allowed her to raise them for the first time in her administrative appeals and, consequently, in her mandamus petition. We are unpersuaded.

First, there were no issues concerning the septic system for Llusha to appeal to the planning commission and Board. When Maddox discovered the retaining wall had to be higher than the approved four feet, County code required him to apply to the planning division for design review. (Marin Mun. Code, § 22.20.060, subd. (F.)(2.).) Neither his application, Llusha's opposition, nor the planning division's decision extended beyond the design considerations implicated by the redesigned retaining wall to address the previously approved septic system.

Nor was there any reason to include the septic system in the design review proceedings; the County's environmental health department, not its planning division or planning commission, had jurisdiction over the septic system and had, in fact, considered and reapproved its design *with* the higher retaining wall and related drain. After considering testimony to that effect, the Board explicitly, and reasonably, determined the interaction of the septic system and redesigned retaining wall had been addressed by the environmental health department, and affirmed that its own authority in the design review appeal was limited to the retaining wall itself. (See *Protect Our Neighborhoods v. City of Palm Springs* (2022) 73

8

Cal.App.5th 667, 678 [courts accord great weight to local agency's interpretation of its own ordinance].)

Llusha relies on *BreakZone Billiards v. City of Torrance* (2000) 81 Cal.App.4th 1205, 1221 (*BreakZone*) for the proposition that parties are free to raise new issues in administrative appeals from local agency decisions. *BreakZone* held an administrative appeal of a planning commission decision was a de novo proceeding at which all issues were before the city council. (*Ibid.; see also Lagrutta v. City Council* (1970) 9 Cal.App.3d 890, 894- 895.) But *BreakZone* itself acknowledges that this is not the case where local ordinances provide otherwise. (*BreakZone, supra,* at p. 1221, fn. 10.) Here, the County code provides that administrative appeals must be filed in writing and must specifically state the pertinent facts and bases for the appeal. (Marin Mun. Code, § 22.114.030, subd. (B.).) Llusha's appeal petition identified only the design of the wall and fence, not the septic system, as the basis for her appeal. *BreakZone*, accordingly, is inapposite.

Llusha disagrees. She interprets a County code provision that allows the reviewing body to consider "any issue *involving the matter that is the subject of the appeal*, in addition to the specific grounds for the appeal" (Marin Mun. Code, § 22.114.040, subd. (B.)(1.), italics added) to require the Board to address and decide her complaints about the septic system. Not so. Assuming for purposes of argument that the septic system or its interaction with the retaining wall was "an issue involving" the retaining wall's design in a general sense, it was not the "subject of the appeal" because that issue had been decided by a separate agency, in a separate decision, and was therefore, as the Board president observed, beyond its authority in Llusha's design review appeal. Llusha provides no reason why, in this situation, she was entitled to collaterally attack that decision in her appeals to the planning commission or the Board.

9

Llusha's remaining arguments on this point are also unpersuasive. As the scope of her administrative appeal was determined by the County's procedures (*Tahoe Vista Concerned Citizens v. County of Placer* (2000) 81 Cal.App.4th 577, 592, fn. 6), it is irrelevant that *state* law did not also require her to raise all issues in her written appeal petition to preserve them for review. (See Gov. Code, § 65009, subd. (b).)[2] Nor does it matter that review by the planning commission and Board is de novo. As in *Tahoe Vista, supra,* at page 592, although those agencies "would consider the matter 'over again,' or in legal parlance, de novo," the grounds for appeal were limited to those within the scope of the appeal under the applicable rules.

## B.

These conclusions also defeat Llusha's contention that the trial court erred when it declined to augment the administrative record with the letters her attorney and engineer provided after the planning division approved the redesigned wall.[3] The court explained: "As these documents were not before the [design review board], they are post-decision documents, making them extrinsic to [its] determination and therefore improper to include" in the

[2] Government Code section 65009 was adopted with the aim of "reduc[ing] delays and restraints upon expeditiously completing housing projects." (Gov. Code, § 65009, subd. (a).) Pursuant to Government Code section 65009, subdivision (b)(1), "In an action or proceeding to attack, review, set aside, void, or annul a finding, determination, or decision of a public agency . . . the issues raised shall be limited to those raised in the public hearing or in written correspondence delivered to the public agency prior to, or at, the public hearing" except in specified circumstances not present here.

[3] Llusha has not challenged the court's denial of her companion request for judicial notice of these same documents.

administrative record. The court further observed it would not have ruled differently on the petition had it considered the excluded letters, "since the Court's finding that the [design review board's] decision was supported by substantial evidence is not affected by the fact that other evidence in the AR may dispute the evidence relied on."

Reviewing this ruling for abuse of discretion, we reverse only if the excluded evidence was relevant and was either improperly excluded during the administrative proceeding or could not, with reasonable diligence, have been presented before the administrative agency made its decision. (*Evans v. City of San Jose* (2005) 128 Cal.App.4th 1123, 1143.) Llusha has not met that burden. The post-design review documents largely addressed issues with the septic system, but, as explained, those issues had been resolved in separate proceedings in a separate County department and were thus irrelevant to the design review proceedings. To the extent the documents also touched on the redesigned retaining wall, they were largely duplicative of the information before the planning division during the design review proceedings. To the minor extent they were not (for example, Watkins's April 25, 2021 letter complained generally of unidentified "flaw[s]," "technical issues," "inconsistencies," and "inaccuracies" in Maddox's plans and that that two "sheets" of the plans submitted for design review were not properly stamped and signed), Llusha has not identified any relevance they might have to the County's decision. Accordingly, even assuming County procedures allowed the planning commission and Board to consider evidence that was not considered in the underlying design review proceeding — a question we need not decide here—Llusha has failed to make the showing of relevance required to establish the court abused its discretion in declining to augment the record. (See *Sieg v. Fogt* (2020) 55 Cal.App.5th 77, 88 [appellant in administrative

11

mandamus proceeding bears the burden of affirmatively demonstrating error].)

## C.

Finally, Llusha contends a number of the Board's findings are unsupported by substantial evidence and/or adequate findings. This contention is also meritless.

### 1.

An agency's findings are presumed to be supported by the record, and an appellant challenging them has the burden to show they are not. (*Young*, *supra,* 10 Cal.App.5th at p. 427.) We may reverse the agency's decision only if, based on the evidence, no reasonable person could have reached its conclusion. (*Ibid.*)

For the most part, Llusha's substantial evidence argument rests on her view that the administrative record contained evidence that supports a decision to deny Maddox's application, which, she asserts, the trial court and Board "disregarded," "ignored," and "failed to analyze" or "consider." To the extent she aims this critique at the trial court, it is misguided. "On appeal from the denial of a petition for writ of mandate, our role is identical to that of the trial court with respect to the administrative record. That is, both the trial and appellate courts must determine whether the record is free from legal error. Thus, the trial court's conclusions and disposition of the issues are not conclusive on the court of appeal." (*Alberstone v. California Coastal Com.* (2008) 169 Cal.App.4th 859, 863.)

To the extent Llusha's argument is, rather, that the *Board* failed to consider or give adequate weight to the evidence in her favor, it is misconceived. Our charge on review from an administrative decision under section

1094.5 is to examine all relevant evidence in the record, considering both the evidence that supports the agency's decision and the evidence against it, to determine whether it is supported by substantial evidence. But we do not reweigh the evidence. (*Young, supra,* 10 Cal.App.5th at p. 427.) Rather, drawing all reasonable inferences and resolving all conflicts in favor of the administrative decision, we determine whether there is any substantial evidence, contradicted or uncontradicted, that supports it when viewed in the light most favorable to the agency's decision. (*Ibid.; Furtado v. State Personnel Bd.* (2013) 212 Cal.App.4th 729, 742.)

Llusha's claims, scattered throughout and comprising the lion's share of her attacks on the findings, that the Board failed to properly credit (or even consider) her own evidence over Maddox's are thus unavailing.[4] The administrative record contains a wealth of evidence, including information gathered during site visits by staff, planning commissioners and the Board's president; photographs of the concerned properties; project plans and designs; engineering and geotechnical reports; testimony from neighbors and technical professionals; and information about the neighborhood, the topography, and the nature and appearance of the materials to be used. Reviewed under the correct standard, we are satisfied it provided a sufficient basis, i.e., evidence that is " ' "reasonable in nature, credible, and of solid value" ' " (*Ofsevit v. Trustees of Cal. State University & Colleges* (1978) 21 Cal.3d 763, 773, fn. 9), for the Board's findings.

---

[4] Her complaint that the Board failed to consider her evidence about the septic system, assuming it to be true, is also irrelevant given our determination in section A, *infra,* that the septic system was not at issue in the design review proceedings.

**2.**

Llusha further asserts that certain findings are inadequately linked to the supporting evidence. "[I]mplicit in section 1094.5 is a requirement that the agency which renders the challenged decision must set forth findings to bridge the analytic gap between the raw evidence and ultimate decision or order . . . . By focusing . . . upon the relationships between evidence and findings and between findings and ultimate action, the Legislature sought to direct the reviewing court's attention to the analytic route the administrative agency traveled from evidence to action." (*Topanga Assn. for a Scenic Community v. County of Los Angeles, supra,* 11 Cal.3d at p.515.)

Findings must thus be sufficient to enable the parties to decide whether and upon what basis to seek review and to allow a reviewing court to determine the basis for the agency's action. (*Topanga Assn. for a Scenic Community v. County of Los Angeles* (1989) 214 Cal.App.3d 1348, 1356 (*Topanga II*).) "However, great specificity is not required. It is enough if the findings form an analytic bridge between the evidence and the agency's decision [Citation.] In addition, findings are to be liberally construed to support rather than defeat the decision under review. [Citation.] '[W]here reference to the administrative record informs the parties and reviewing courts of the theory upon which an agency has arrived at its ultimate finding and decision it has long been recognized that the decision should be upheld if the agency "in truth found those facts which as a matter of law are essential to sustain its . . . [decision]." [Citations.]' " (*Ibid.*) With these principles in mind, we turn to those findings Llusha maintains are legally inadequate.

14

Finding 9(E) states the retaining wall project is consistent with County water quality policies and would not result in substantial erosion or discharge sediments or pollutants because the planned grading and drainage improvements complied with County standards and best management practices. In support, it cites County staff's testimony that Maddox's system would not discharge effluent onto Llusha's property. This satisfies the *Topanga II* requirements.

Llusha's challenge to the finding that the project was consistent with seismic hazard policies (Finding 9(F)) fares no better. Here, the Board found the retaining wall "would be constructed in conformance with County earthquake standards, as verified during review of the Building Permit application and the subject property is not constrained by unusual geotechnical problems, such as existing fault traces." Llusha objects that the Board "fail[ed] to set forth *what evidence was used to make this finding,*" but there is no legal requirement that design review findings must include specific citation to the administrative record. Indeed, such a requirement would be at odds with the established rule that findings " 'are generally permitted considerable latitude with regard to their precision, formality, and matters reasonably implied therein' " and " 'do not need to be extensive or detailed.' " (*Young, supra,* 10 Cal.App.5th at p. 421, italics omitted.) In any event, she herself notes the administrative record includes a geotechnical report that found "the risk of ground rupture along a fault trace is low at this site."

Finding 9(H) states the project is consistent with County aesthetic requirements "because it would protect scenic quality and views of ridgelines and the natural environment from adverse impacts related to development." Llusha's claim that this finding "fails to articulate what evidence forms the basis for the finding" suffers the same flaw as her challenge to the seismic finding: its basis is clear from evidence the wall will be screened

15

by dense foliage; the preexisting four-foot high fence in the same location had similar visual impacts; and Llusha's views are primarily oriented away from the project. (See *Topanga II, supra,* 214 Cal.App.3d at p. 1356.)

Llusha's remaining challenges to the findings also concern the project's potential aesthetic impacts on its surroundings. Thus, finding 9(I) states the project is consistent with the County's residential design policies because it would fit within the context of the neighborhood, minimize the perception of mass and bulk, and comply with design guidelines for single family homes. Finding 10(A) states the project is consistent with community character because it would preserve and enhance the characteristics of its surroundings and be compatible with the neighborhood with respect to bulk, mass, height, colors, materials, and design. Finding 11(A) states the project is consistent with design guidelines and discretionary development standards "because it is designed to avoid adversely affecting natural resources and the character of the local community," specifically because retaining walls and fences are typical features in the neighborhood and their materials would complement the design and "earth-toned and subdued colors" typical of the area. The rest of the challenged findings do not differ in any meaningful way: 11(B) [design, massing and scale are compatible with surroundings and community], 11(C) [site layout and design avoid eliminating sunlight, blocking primary views, or affecting privacy], and 11(E) [project provides appropriate separation and screening between buildings].

Each of these findings is amply supported by project plans and designs, maps, photographs, and County personnel's physical inspections of the site. It is

16

abundantly clear from the administrative record how the Board arrived at them.  There was no error.

## DISPOSITION

The orders denying Llusha's motion to augment the administrative record and petition for writ of mandamus are affirmed.  Maddox is entitled to costs on appeal.


BURNS, J.

WE CONCUR:


JACKSON, P.J.
SIMONS, J.

*Llusha v. County of Marin* (A166492)

17