[Civ. No. 25448.   Second Dist., Div. One.   Nov. 21, 1961.]

RAY L. ANDERSON, Plaintiff and Respondent, v. DALE PITTENGER et al., as City Councilmen of the City of West Covina, Defendants and Appellants.

Harry C. Williams, City Attorney, Burke, Williams & Sorensen and John R. Flandrick for Defendants and Appellants.

Garvey & Ingram and Francis J. Garvey for Plaintiff and Respondent.

WOOD, P. J.—Plaintiff's application for a zoning variance was granted by the Planning Commission of the City of West Covina. The city council of that city, on its own motion, appealed to itself from the decision of the planning commission. Upon that appeal, the council denied the application for a variance.

Plaintiff petitioned the superior court for a writ of review of the proceedings before the council. The judgment provided that the proceedings of the council, whereby the council attempted to deny a zoning variance which had been granted by the commission, were void and in excess of the council's jurisdiction; that the action of the council (hereinafter referred to) wherein there was a "tie vote" with reference to the variance was an affirmance of the decision of the commission granting the variance; and that the variance granted by the commission was reinstated.

Defendants, "as the City Council of the City of West Covina," appeal from the judgment.

Appellants contend: (1) that the council was not bound by the findings of fact made by the commission, but was entitled to hear the matter de novo; (2) that the "tie vote" of the council on July 27, 1959, was not a decision upon the appeal and was not an affirmance of the decision of the commission; (3) that the council did not lose jurisdiction to decide the appeal merely by the passage of time (as hereinafter referred to).

Plaintiff Ray L. Anderson and Helen T. Anderson are the owners of a right-triangular parcel of land (about 600' by 450' by 800') in West Covina at the southeast corner of Garvey and Azusa Avenues. Azusa extends north and south, and Garvey extends northeasterly and southwesterly at an angle of approximately 45 degrees. The long (or north) side of the parcel adjoins the frontage or service road that parallels Garvey—that is, Garvey is opposite the right angle corner of the parcel. The parcel is in a C-1 zone.

A Shell Oil service station and a delicatessen are now on the southwest corner of the parcel (i.e., at the corner of Azusa and Garvey). When that service station was constructed on the parcel, an ordinance of West Covina permitted a service station use in a C-1 zone. Thereafter the ordinance was amended so that such a use is permitted only in a C-2 zone. A zoning variance is therefore necessary in order to use land in a C-1 zone for a service station.

On May 28, 1959, the owners of said parcel here involved filed, with the planning commission, an application for a zoning variance which would permit them to use the middle portion of said parcel (C-1 zone) for another service station (Standard Oil station).

On June 17, 1959, a public hearing upon the application was held before the planning commission, and at that time the plaintiff Ray L. Anderson and Mr. Nelson, a representative of the Standard Oil Company, testified in favor of the variance. There was no opposition to the application. On said date the planning commission adopted a resolution granting the variance.

Section 1709 of article 17 of the Zoning Ordinance of West Covina[1] provides that an appeal to the city council may be

---

[1] Section 1709 provides: "The resolution of the Planning Commission in granting or denying a variance or conditional use permit shall become final and effective twenty (20) days after the adoption of the resolution,

taken, from such a resolution, by the applicant or an opponent or by the city council on its motion. The ordinance provides that the council may appeal within 20 days after the adoption of the resolution by the commission. On the nineteenth day after the adoption of the resolution (i.e., July 6), the city council appealed (to itself) from the resolution.

Section 1711 of the ordinance[2] provides that within 30 days following the appeal the council shall conduct a duly advertised public hearing. On July 2, 1959, notice of public hearing, to be held before the council on July 13, 1959, for consideration of the application, was published in a newspaper. (It appears that the publication [on July 2] was made prior to the appeal on July 6.)

On said July 13 the hearing was held before the council, and at that time the plaintiff and Mr. Nelson, the representative of the Standard Oil Company, made statements in favor of the variance. No one appeared as a witness in opposition to the application. The hearing "was declared closed." Then the mayor and the councilmen asked questions and discussed matters regarding the application. Thereupon, the matter of the application for a variance was "held over for further study" until the next meeting of the council on July 27.

On July 27, when the application was before the council for further consideration, the mayor and the councilmen discussed the matter at length. Then a councilman made a motion, which was seconded by the mayor, that the variance be approved. That councilman and the mayor voted in favor of the variance. Two councilmen voted against it. One councilman (although present) did not vote. The minutes of that meeting state that the "Motion failed to carry by a tie vote on roll call as follows: [here the vote, above referred to, is set forth]." The minutes also state: "Mayor Brown indicated that the motion failed to carry due to a tie vote"; and that "Mr. Williams [the city attorney] indicated this was not a

unless within ten (10) days after the adoption of said resolution an appeal, in writing, is filed with the City Council by either the Applicant or an opponent, or unless within said 20 day period the City Council by motion shall initiate such an appeal. The filing or initiation of such appeal within such time limit shall stay the effective date of the order of the Planning Commission until such time as the City Council has acted on the appeal as hereafter set forth in this ordinance."

[2]Section 1711 provides: "Within not to exceed thirty (30) days following the filing or initiation of the appeal, the City Council shall conduct a duly advertised public hearing, public notice of which shall be given as provided in Article 19."

192

denial in the motion's failure to carry and that it could be revoted upon now or at a later time if the Council saw fit to do so.''

On November 23, 1959, at a regular meeting of the council, a councilman made a motion, which was seconded, that the variance be denied. Three councilmen voted in favor of the motion, and two councilmen (one of whom was the mayor) voted against it. The minutes of that meeting state that the ''Motion passed on roll call as follows: [here the vote, above referred to, is set forth].''

On December 14, 1959, at the next regular meeting of the council. a formal resolution denying the variance was adopted. The vote with respect to the resolution was the same as the vote upon the motion (to deny) of November 23.

On March 11, 1960, the plaintiff Ray L. Anderson filed the petition for review which is involved herein. Helen T. Anderson, the other owner, is not a party to this proceeding. The petition alleged, in substance, the facts above stated with respect to the proceedings before the commission and the council; and it alleged further that the council exceeded its jurisdiction and denied due process of law as to petitioner; that the council failed to comply with the ordinance in that (1) it did not announce its decision within 30 days after closing the hearing on July 13, 1959, and (2) it did not announce or set forth its reasons for denying the application; the council attempted to take action after it had lost jurisdiction; the tie vote of the councilmen on July 27 was a confirmation of the decision of the commission; the council was bound by the findings of the commission as the trier of the facts, unless it clearly appeared that the commission erred.

The trial court made findings of fact which were in substance the same as the facts hereinabove stated with respect to the proceedings before the commission and the council. The findings also set forth the provisions of sections 1709, 1711, and 1712 of the Comprehensive Zoning Ordinance of West Covina.

Said section 1712 of the ordinance[3] provides that the council shall announce its decision by resolution not more than 30 days following the closing of the hearing, and the resolution

[3]Section 1712 provides: ''Section 1812 shall apply to proceedings under this Article. The City Council shall announce its findings and decision by resolution not more than thirty (30) days following the closing of the hearing, or following the report from the Planning Commission, and said resolution shall recite, among other things, the reasons

shall recite the reasons for the decision. (The other sections just referred to have been quoted in the preceding footnotes.)

The minute order of the trial court, with respect to its decision, was in part as follows: "The court adjudges and decrees that the action of the City Council in the premises is hereby annulled, vacated and set aside; that the decision of the Planning Commission is hereby reinstated, and variance sought by the petitioner Ray L. Anderson is granted." The substance of the judgment has been stated hereinabove.

Plaintiff (respondent) argues to the effect that the provision of section 1712, relative to the council announcing its decision within 30 days after the hearing, is mandatory, and since the council failed to announce its decision within that time, it lost jurisdiction to determine the application, and the commission's order granting the variance became effective. In connection with that argument, plaintiff refers to the provisions of section 1709 that (1) the decision of the commission is final unless there is an appeal within a certain time, and (2) that the appeal "shall stay" the effective date of the commission's order until the council "has acted on the appeal as hereafter set forth in this ordinance." Since section 1712, relative to notice within 30 days, is set forth in the ordinance after section 1709, plaintiff asserts in effect that the "stay" of the commission's order, which resulted from the appeal, ended when the council failed to announce its decision within the 30-day period, and then the commission's order became effective. It is to be noted also that section 1712 provides that the council shall act on the appeal by making an order that the variance "be granted or denied or modified." The reference in section 1709 to acting on the appeal "as hereafter set forth" includes the manner in which the council may act, namely, to grant, deny, or modify the variance. That is not a reference solely to time, but is a reference indicating that the order is stayed until the council has acted on the appeal by granting or denying or modifying the variance. The ordinance does not state that the council shall lose jurisdiction after the 30-day period; nor does it state that the failure to act within that period will result in the commission's order being deemed the order of the council. ▮ In

which, in the opinion of the City Council make the granting or denial of the variance or conditional use permit necessary to carry out the general purpose of this ordinance, and shall order that the variance or conditional use permit be granted or denied or modified, subject to such conditions and limitations as it may impose."

*Steen* v. *City of Los Angeles*, 31 Cal.2d 542 [190 P.2d 937], it is said at page 546: "It is necessary that there exist a very clear indication that the jurisdiction of a board has been exhausted after the expiration of a certain period of time, before a court will find such loss of power." In *Buswell* v. *Board of Supervisors of Alameda County*, 116 Cal. 351 [48 P. 226], there was a statutory provision that no act relating to an assessment is illegal "because the same was not completed within the time required by law." [██] In that case it was said at page 354: "It is a general rule, even in the absence of such a statutory enactment as the foregoing, that the provisions as to the time upon which, or within which, acts are to be done by a public officer regarding the rights and duties of others are *directory,* unless the nature of the act or language of the legislature makes it clear that the time fixed is by way of limitation." (Italics added.)

In *Cook* v. *Civil Service Com.*, 178 Cal.App.2d 118 [2 Cal. Rptr. 836], petitioner sought reinstatement under civil service as an employee of the City of Chula Vista. The hearing was concluded on December 13, but the conclusions of the commission, recommending dismissal of petitioner, were not submitted until 22 days thereafter. The charter of the city provided that the commission "shall set forth in writing its conclusions and recommendations . . . within 10 days after concluding the hearings." It was argued therein by the petitioner that the failure to comply with the time provision was jurisdictional and that the proceeding was void. The ruling therein regarding the time aspect was to the effect that it was an irregularity in procedure and was not jurisdictional.

██ In the present case, the provision of section 1712 relative to time of announcing the decision is directory. The council did not lose jurisdiction by failing to determine the matter of the application within the 30-day period. The resolution of the council was not void because it was made after the 30-day period; nor was it void at all.

██ Respondent contends that the tie vote of the council on July 27 ought to affirm the decision of the commission. He argues that the ordinary rules with respect to deliberative assemblies should apply, or that in the alternative the rules followed by appellate tribunals should apply. Section 1712 of the ordinance provides, as above indicated, that the order of the commission is stayed until the council has acted by ordering that the variance be granted or denied or modified. The council was required by the ordinance to conduct a public

hearing upon the application, after publishing notice. After the appeal was taken, the function of the council was not merely to review the proceedings before the commission and affirm, reverse, or modify the order of the commission. It was required by the ordinance to act upon the appeal as above indicated. The tie vote was no action, and it was not an affirmance of the order of the commission.

The council was not bound by the findings of the commission. As stated, the hearing before the council must be a public hearing after notice thereof is published. There is no limitation upon the right of the council to hear new or additional testimony. If the council were bound by the findings of the commission, there would be no point in requiring the council to hold a public hearing. The council is not bound by the findings of the commission or by the testimony before the commission. Under the provisions of the ordinance the council may hear the matter de novo and make its own determination as to whether the facts are such as to require, under the provisions of the zoning ordinance, the granting of the variance.

The judgment is reversed.

Fourt, J., and Lillie, J., concurred.