[Civ. No. 47774. Second Dist., Div. One. Oct. 20, 1976.]

WILLIAM E. GRAVES, Plaintiff and Appellant, v. COMMISSION ON PROFESSIONAL COMPETENCE FOR THE GOVERNING BOARD OF THE LAWNDALE SCHOOL DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent; BOARD OF TRUSTEES OF LAWNDALE UNIFIED SCHOOL DISTRICT, Real Party in Interest and Respondent.

**COUNSEL**

Levy, Koszdin & Woods, Levy, Koszdin, Goldschmid & Sroloff and Henry R. Fenton for Plaintiff and Appellant.

John H. Larson, County Counsel, and Eric J. Bathen, Jr., Deputy County Counsel, for Defendant and Respondent and for Real Party in Interest and Respondent.

**OPINION**

**WOOD, P. J.**—William E. Graves filed a petition in the superior court for a writ of mandamus compelling respondent commission to set aside its decision dismissing him from his employment as a certificated

employee of the Lawndale School District. The petition was denied. He appeals from the judgment.

Appellant contends that (1) the school district violated the Stull Act (Ed. Code, §§ 13485-13489) in submitting his final evaluation a week prior to the end of the school year, rather than 60 days prior thereto, and in denying him 90 days in which to correct his faults and overcome the charges against him; (2) the commission erred in failing to make findings as to whether he was dismissed for exercising his constitutional rights,— citing *Bekiaris* v. *Board of Education,* 6 Cal.3d 575 [100 Cal.Rptr. 16, 493 P.2d 480]; (3) the decision of the commission was invalid because one of the three hearing officers resigned his office prior to rendition of the decision; (4) the commission improperly sustained the school district's objections to evidence of events that occurred at executive sessions of the board—the objections were made on the ground of attorney-client privilege; and (5) the superior court erred in denying his motion for "free preparation" of a transcript of the administrative proceedings.

In the superior court, the matter was submitted on a partial transcript of the administrative proceedings, a deposition, declarations, the petition and exhibits attached thereto, and a stipulation with reference to attorney-client privilege at the executive session of the board.

On October 18, 1973, pursuant to a resolution approved by the district, a notice of intention to dismiss petitioner and a copy of the charges against him were personally served upon him. The charges consisted of eight typewritten pages stating approximately 100 specific charges under the general categories of unprofessional conduct, incompetency, and persistent violation or refusal to obey laws and regulations for government of public schools. Pursuant to his demand, a hearing was held on June 10, 1974, before respondent commission composed of three officers: Mr. Sorteberg, selected by petitioner; Mr. Royer, selected by the district; and Mr. Goldstein, a hearing officer of the Office of Administrative Hearings. The hearing was conducted for 23 days, to and including July 30, 1974.

On July 31, 1974, Mr. Goldstein's resignation from his employment by the Office of Administrative Hearings "took effect and he took another

job with the state."[1] On August 13, 1974, the commission made its decision ·dismissing petitioner. Mr. Goldstein and Mr. Royer concurred in the decision, and Mr. Sorteberg dissented.

The decision included findings which were in substance that the commission proved 2 charges of unprofessional conduct, 39 charges of incompetency, and 16 charges of persistent violation of school laws and regulations. The decision stated further that cause existed for dismissal of Mr. Graves as a permanent certificated employee pursuant to the provisions of section 13403 of the Education Code; and it was ordered that he be dismissed. Counsel for Mr. Graves made a written request for a new hearing or in the alternative a rehearing by the two "qualified" members of the panel on the ground that the decision was invalid and violated the provisions of section 13413 of the Education Code in that Mr. Goldstein resigned his office before the decision was rendered. The request was denied.

The superior court found, among other things, that Mr. Goldstein was a qualified hearing officer for the Office of Administrative Hearings until his resignation "after submission of the matter, but before decision by the commission."

Conclusions of law were in part as follows: The commission was a properly constituted commission having jurisdiction over dismissal of petitioner. Mr. Goldstein was qualified to participate in decision of the matter by the commission. It was sufficient that the hearing officer (Goldstein) was a qualified officer for the Office of Administrative Hearings during the time when the hearing was conducted and the evidence was received.

Appellant contends that the decision by the commission was invalid because Mr. Goldstein resigned his office before the decision was filed.

As above indicated, Mr. Goldstein was a member of the commission by reason of his position as a hearing officer employed by the Office of Administrative Hearings. The hearing herein was held from June 10, 1974, through July 30, 1974. The commission did not announce a decision at the hearing. On July 31, 1974, Mr. Goldstein's resignation

---

[1]Mr. Pierson, the acting director of the Office of Administrative Hearings, testified that prior to July 31, 1974, Mr. Goldstein accepted a position with the Occupational Safety and Health Appeals Board; and that Mr. Goldstein "commenced" on the payroll of that board on July 31, 1974.

became effective; and he commenced employment with another state agency (he was on the payroll of that agency commencing July 31, 1974). On August 13, 1974, the commission made its decision. The decision was signed by Mr. Goldstein on behalf of the commission, as follows: "Commission on Professional Competence Delbert Royer, Member and Leonard Goldstein, Hearing Officer and Chairman, concurring." (Mr. Royer did not sign the decision.) The dissent was signed by Mr. Sorteberg.

In July 1974 section 13413 of the Education Code provided in part: "The hearing shall be conducted and a decision made in accordance with Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code,[2] and the Commission on Professional Competence shall have all the power granted to an agency therein, except that the right of discovery of the parties shall not be limited to those matters set forth in Section 11057.6 of the Government Code but shall include the rights and duties of any party in a civil action brought in a superior court. . . .

" . . . In the event the employee is charged with any of the causes specified in subdivisions (a), (c), (d), (e), and (g) of Section 13403, the hearing shall be conducted by a Commission on Professional Competence. One member of the panel shall be selected by the employee, one member shall be selected by the governing board, and one member shall be a hearing officer of the State Office of Administrative Procedure who shall be chairman and a voting member of the competency panel and shall be responsible for assuring that the legal rights of the employee are protected at the hearing. . . .

"The member selected by the governing board and the member selected by the employee shall have at least five years' experience in the specific educational function of the accused as set forth in Section 13055.

"In those instances where the employee has been charged with any of the causes specified in subdivisions (a), (c), (d), (e), and (g) of Section 13403, the decision shall be made, by a majority vote, by the Commission on Professional Competence which shall prepare a written decision

---

[2]Chapter 5 of the Government Code includes sections 11512 and 11517. Section 11512 provides (subd. (a)) that every hearing in a contested case shall be presided over by a hearing officer, and provides (subd. (b)) that the hearing officer shall advise the agency on matters of law.

containing findings of fact, determinations of issues and a disposition either:

"(a) That the employee should be dismissed.

"(b) That the employee should not be dismissed."

Respondent argues that section 13413 of the Education Code requires only that "the hearing shall be conducted" by a commission including a hearing officer from the Office of Administrative Hearings. It is to be noted that further provisions of section 13413 (heretofore quoted) are that one member of the commission "shall be" a hearing officer of the Office of Administrative Hearings, that he shall be a voting member of the panel, and that the "decision shall be made, by a majority vote, *by the Commission* . . . which *shall* prepare a written decision . . . ." (Italics added.)

Respondent argues further that this court should adopt the "reasoning" of the trial judge, wherein he said: "[I]t seems to me completely reasonable that the law ought to be that a hearing officer properly appointed can complete any hearings that he has going at the time he leaves the office of administrative procedures."

The question is whether Mr. Goldstein had authority to make and sign the decision, as a hearing officer, approximately two weeks after he resigned his position in that office. (As previously stated, Mr. Goldstein signed the decision on behalf of the commission, as follows: "Commission on Professional Competence Delbert Royer, Member and Leonard Goldstein, Hearing Officer and Chairman, concurring.")

Respondent does not cite statute or decisional law that a hearing officer may make a decision after he has resigned his position. No administrative rule or regulation authorizing such decision is cited; and the record does not show that any such rule or regulation was submitted in the administrative proceeding or in the mandamus proceeding. Mr. Pierson, the acting director of the Office of Administrative Hearings, testified (in deposition) that his agency did not have any rule or regulation authorizing a hearing officer to make a decision after he resigned his office. There is no indication in the record that the selection or appointment of Mr. Goldstein as a member of the commission provided that he might make a decision after he resigned his office.

Section 11370.3 of the Government Code (relating to Office of Administrative Hearings) provides that the director shall assign a hearing officer for any proceeding arising under chapter 5; and that any hearing officer so assigned shall be deemed an employee of the office and not of the agency to which he is assigned. It would appear that when Mr. Goldstein resigned from his employment by the Office of Administrative Hearings, his assignment to the commission terminated. (There is no evidence in the record that his assignment authorized participation by him in the decision after he resigned his office.)

"It is settled principle that administrative agencies have only such powers as have been conferred upon them, expressly or by implication, by constitution or statute." (*Ferdig* v. *State Personnel Bd.,* 71 Cal.2d 96, 103-104 [77 Cal.Rptr. 224, 453 P.2d 728]; see *City and County of San Francisco* v. *Padilla,* 23 Cal.App.3d 388, 400 [100 Cal.Rptr. 223].) An administrative agency, therefore, must act within the powers conferred upon it by law and may not validly act in excess of such powers. (*Id.*) An administrative officer may not, in promulgation of rules, extend his statutory powers. (*Bank of Italy* v. *Johnson,* 200 Cal. 1, 21 [251 P. 784]; see *Whitcomb Hotel, Inc.* v. *Cal. Emp. Com.,* 24 Cal.2d 753, 759 [151 P.2d 233, 155 A.L.R. 405].) When an administrative agency acts in excess of the powers conferred upon it, its action is void (*City and County of San Francisco* v. *Padilla, supra,* p. 400). Mandate will lie to compel it to nullify or rescind the void acts. (*Aylward* v. *State Board etc. Examiners,* 31 Cal.2d 833, 839 [192 P.2d 929].)

█ In the present case, Mr. Goldstein, by reason of his resignation, lacked authority to participate in the decision by the commission at the time when the decision was made. Without his participation, there were only two qualified members on the commission.[3] It appears that one of those members was in favor of the decision and the other member was not in favor of it.[4] Section 13413 of the Education Code provides that the decision of the commission shall be by majority vote. Also, as a general rule an even division among members of an administrative agency

[3]"As a general rule the nonparticipation of one or more members of a board or commission in the rendition of the decision, because of intervening death, illness, retirement, or similar reason, will not affect the action taken by the remaining members who constitute a majority or the quorum required by statute." (2 Am.Jur.2d, Administrative Law, § 435, p. 243; see 73 C.J.S., Public Administrative Bodies and Procedure, § 21, pp. 314-315.)

[4]It is to be noted further (as above indicated) that a qualified member (Royer) who was in favor of the decision did not sign it.

results in no action. (2 Am.Jur.2d, Administrative Law, § 198, p. 31; see *Anderson* v. *Pittenger,* 197 Cal.App.2d 188, 194-195 [17 Cal.Rptr. 54].) After Mr. Goldstein's resignation from his employment in the Office of Administrative Hearings became effective, he did not have authority to participate in the decision. The superior court should have granted the petition insofar as it sought a writ of mandate compelling the commission to set aside the decision.[5]

In view of the above conclusion, it is not necessary to discuss other contentions of appellant.

The judgment is reversed.

Lillie, J., and Hanson, J., concurred.

A petition for a rehearing was denied November 19, 1976, and the petition of the defendant and respondent for a hearing by the Supreme Court was denied December 16, 1976.

---

[5]The petition also sought an order that the board reemploy petitioner, and pay attorney fees pursuant to section 800 of the Government Code (which provides for attorney fees where it is shown that an administrative award, finding or other determination was the result of arbitrary or capricious action). There was no showing here that any action by the commission or the board was arbitrary or capricious.