[No. D051410. Fourth Dist., Div. One. July 22, 2008.]

RICHARD LOPEZ et al., Plaintiffs and Appellants, v.
IMPERIAL COUNTY SHERIFF'S OFFICE et al., Defendants and
Respondents.

## COUNSEL

Jackson, DeMarco, Tidus, Petersen, Peckenpaugh and Robert William Krause for Plaintiffs and Appellants.

Liebert Cassidy Whitmore, J. Scott Tiedemann and Jeffery E. Stockley for Defendants and Respondents.

## OPINION

**O'ROURKE, J.**—In separate proceedings, the Imperial County Employment Appeals Board (the Board) affirmed the Imperial County Sheriff's Office's (respondent) terminations of Richard Lopez and Rosario Lopez[1] (appellants) by tie votes. We hold that the Board's tie votes were the equivalent of a failure to act, and the trial court did not err in remanding the matters for the Board to conduct another vote. Affirmed.

### FACTUAL AND PROCEDURAL SUMMARY

The respondent terminated appellants from their jobs as correctional sergeants after finding that they violated county ordinances and department policies by their "immoral or unprofessional conduct," "deliberate or repeated absence from duty without authorization," and "neglect of duty."

Appellants separately appealed to the Board. In each case, the five-member Board voted as follows: the same two members voted to sustain the terminations; the same two members voted to reverse the terminations, and the fifth member abstained. The Board's decisions quote the abstaining member's findings as follows: "The evidence here, although presented in mind-numbing detail, is far from sufficient to support a decision. The deference due to the D[epartment] in making decisions involving employees with such significant-responsibilities is at war with the excellent record of the A[ppellants], and the somewhat minor level of the admitted transgressions. Because of this I abstain." The Board denied the appeals because it concluded, "there [was] no majority decision."

Appellants filed a joint petition for writ of mandate, arguing the Board's decisions should be vacated, and the proper way to interpret the Board's tie

---

[1] Appellants state in their opening brief, "The parties have the same last name, but are not related."

votes was as a reversal of appellants' terminations and, therefore, their reinstatement to their jobs. The trial court granted the writ petition in part by ordering the Board to "vacate its December 29, 2006 decision upholding the terminations," but it required the Board to "conduct another vote . . . [which] shall be determined by a majority vote of those members present." Appellants contend the trial court erred in remanding the matters to the Board.

## DISCUSSION

■ The Board is a quasi-independent administrative tribunal established by county ordinance and charged with adjudicating certain disputes between the county and county employees. (Gov. Code, § 3304, subd. (b); *Howitt v. Superior Court* (1992) 3 Cal.App.4th 1575, 1578 [5 Cal.Rptr.2d 196] (*Howitt*).) In disciplinary administrative proceedings, the burden of proving the charges rests upon the party making the charges. (*Caloca v. County of San Diego* (2002) 102 Cal.App.4th 433 [126 Cal.Rptr.2d 3] (*Caloca*).) We review de novo the legal question presented. (*Breslin v. City and County of San Francisco* (2007) 146 Cal.App.4th 1064, 1077 [55 Cal.Rptr.3d 14].)

■ The trial court correctly noted at the hearing on the writ petition that the Imperial County ordinance governing the Board's actions is silent regarding the effect of a tie vote.[2] However, " '[A]s a general rule an even division among members of an administrative agency results in no action.' " (*Clarke v. City of Hermosa Beach* (1996) 48 Cal.App.4th 1152, 1176 [56 Cal.Rptr.2d 223] (*Clarke*), and cases cited therein.) In *Clarke,* the plaintiffs owned a duplex and applied to the Hermosa Beach Planning Commission for permits to demolish it and replace it with a two-unit condominium. The commission approved the project. The city council overruled the commission by a three-to-two vote. Plaintiffs filed a writ petition. The trial court granted it and ordered the city council to reinstate the commission's decision. The Court of Appeal affirmed the grant of the writ, but ruled the plaintiffs were denied a fair trial before the city council. (*Id.* at p. 1159.) For example, one council member who voted with the majority had a conflict of interest because if the city council had approved the project, that member's own residence would have been directly impacted. Accordingly, the Court of Appeal ruled the trial court should have remanded the matter for a rehearing before the city council. (*Id.* at pp. 1172–1173.)

---

[2] The applicable Imperial County ordinances are section 3.64.080, subdivision (D), which deals with "hearing procedures," and section 3.64.090, which deals with "decisions of board."

█ Applying *Caloca, supra,* 102 Cal.App.4th 433, and *Clarke, supra,* 48 Cal.App.4th 1152, we conclude respondent did not meet its burden of proving its charges to the satisfaction of a majority of the Board. County of Imperial Codified Ordinance section 3.64.090 requires the Board, within five working days after its informal review or formal hearing, to file with the director of human resources its findings as to each cause and factual allegation "and its decision affirming, revoking or modifying the action of the department head." No Imperial County ordinance provision permits us to deem reversed respondent's decision in the event of a tie vote by the commission. We hold that the tie votes resulted in a failure to act. Contrary to appellants' claim, the Board's inaction did not require a reversal of the respondent's rulings. Rather, appellants were returned to the status quo ante, and the respondent's terminations remain in effect until the Board conducts another vote.

█ We also apply *Clarke*'s rule regarding tie votes because the abstaining board member erroneously deferred to respondent's findings, even as he stated that the deference "[was] at war with the excellent record of the appellant[s], and the somewhat minor level of the admitted transgressions."[3] This court has stated, "The civil service commission in San Diego County performs a function analogous to the [Board]." (*Howitt, supra,* 3 Cal.App.4th at p. 1578.) It follows that the Board must "independently review the facts and law"; moreover, "the Sheriff's findings and final disciplinary order are not due substantial deference." (*Kolender v. San Diego County Civil Service Com.* (2005) 132 Cal.App.4th 1150, 1157 [34 Cal.Rptr.3d 209].)

Appellants contend that *Clarke* should be narrowly applied to instances involving irregularities in the administrative proceedings.[4] We see no reason to accept such a narrow interpretation. The *Clarke* court did not qualify the general rule regarding tie votes in such a manner, and we do not interpret *Clarke* to imply such a restriction. We note that the Board was established with an odd number of members to foster decisions by majority votes and to avoid tie votes, and our interpretation of *Clarke* advances this public policy.

---

[3] We reject respondent's claim that the abstaining Board member's findings are irrelevant. We accept as a general proposition that "the previous declarations of the nonvoting members and their subsequent protest avail nothing. The test is not what was said before or after, but what was done at the time of the voting." (*Martin v. Ballenger* (1938) 25 Cal.App.2d 435, 439 [77 P.2d 888].) Nonetheless, the difference here is that the abstaining member's findings were incorporated in the Board's written decision; therefore, we give them more weight.

[4] We note that the *Clarke* court also remanded the case for another vote because the municipal code required three affirmative votes for the city council's actions on conditional use permits. (*Clarke, supra,* 48 Cal.App.4th at p. 1177.)

## DISPOSITION

The judgment is affirmed. Each party is to bear its own costs on appeal.

McDonald, Acting P. J., and Irion, J., concurred.